UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROGER MARX DESENBERG,

    Plaintiff,

v.                                         CASE NO. 8:19-cv-396-T-23AEP

STATE OF FLORIDA, *et al.*,

    Defendants.
                                 /

**O R D E R**

      Desenberg moves (Doc. 1) for an injunction against the State of Florida for allegedly violating his rights in an ongoing criminal proceeding. Desenberg neither moves for leave to proceed *in forma pauperis* nor pays the full $400 filing fee. Nevertheless, under either 28 U.S.C. § 1915(e) (if proceeding *in forma pauperis*) or 28 U.S.C. § 1915A (if the full filing fee is paid), a district court is required both to review the complaint and to dismiss the complaint if frivolous, malicious, or failing to state a claim upon "which relief may be granted." Although entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam), the *pro se* motion is nonetheless without merit. The Prisoner Litigation Reform Act requires dismissal of an *in forma pauperis* prisoner's action "if the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted,

or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e).

Desenberg seeks federal intervention into a pending state criminal proceeding, specifically, an injunction "to prevent Sarasota Court and Judge Stephen Walker from violating defendant's right to represent himself and the prevention of the state to force defendant to be represented by counsel defendant does not want." (Doc. 1 at 1) Desenberg represents that "the state is grossly misusing evaluations of competency in an attempt to have defendant represented unwillingly by counsel appointed by Sarasota Courts whom is not working in defendant's best interests." (Doc. 1 at 1)

Because a federal court should almost always abstain from intrusion in a state proceeding, "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Younger v. Harris*, 401 U.S. 37, 45 (1971). *Accord Lawrence v. Miami-Dade State Attorney*, 272 F. App'x 781, 781–82 (11th Cir. 2008) ("[A] federal court may not interfere with ongoing state criminal proceedings except in the most extraordinary circumstances."). "*Younger* abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Turner v. Broward Sheriff's Office*, 542 F. App'x 764, 766 (11th Cir. 2013), (citing *Christman v. Crist*, 315 F. App'x 231, 232 (11th Cir. 2009) (*per curiam*) and *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003)). Just as in *Turner*, each

element of *Younger* abstention are met in this action.  Desenberg's motion is directed at ongoing state proceedings, the State of Florida has a compelling interest in prosecuting criminal cases, and Desenberg will have an adequate opportunity to raise his constitutional issues during the state trial, during the state appeal, and by an application for the writ of habeas corpus under 28 U.S.C. § 2254, if necessary. Further, Desenberg fails to allege the rare and extraordinary circumstances that overcome *Younger* abstention.

Accordingly, the request for an injunction (Doc. 1) is **DENIED**.  The clerk must enter a judgment against Desenberg and close this case.

ORDERED in Tampa, Florida, on March 6, 2019.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE